FILED
United States Court of Appeals
Tenth Circuit

January 10, 2025

Christopher M. Wolpert
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

───────────────────────────────

DR. ELIAS QUINTANA,
d/b/a Fort Gibson Investments,

    Plaintiff - Appellant,

v.

CITY OF MUSKOGEE, a political subdivision of the State of Oklahoma,

    Defendant - Appellee.

No. 23-7082
(D.C. No. 6:19-CV-00066-JWB)
(E.D. Okla.)

───────────────────────────────

ORDER AND JUDGMENT[*]

───────────────────────────────

Before **HARTZ**, **BALDOCK**, and **ROSSMAN**, Circuit Judges.

───────────────────────────────

The Rev. Dr. Elias N. Quintana, pro se, appeals the district court's grant of summary judgment against him in his lawsuit against the City of Muskogee. He also appeals the district court's denial of postjudgment relief. We affirm the denial of postjudgment relief. As explained below, however, this affirmance means Quintana

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

did not timely appeal from the summary judgment order, so we dismiss that part of the appeal for lack of jurisdiction.

I.  BACKGROUND & PROCEDURAL HISTORY

Quintana owns the Cherokee Apartments, a 15-unit complex in Muskogee. In June 2018, a fire broke out at the apartments and caused serious damage to some of them. City of Muskogee officials decided they needed to cut electricity to the damaged apartments, but they say it was difficult to locate the correct circuit breakers for specific apartments. Thus, they directed the electric company to remove the electric meter, thus cutting electricity to all apartments. They declared the apartments uninhabitable until electricity and other utilities could be restored.

Quintana and City officials soon became deadlocked in a dispute over what would be required to have the electrical meter reinstalled, thereby restoring electrical service. The City building inspector said Quintana would need to install equipment for higher electrical capacity and a separate electrical panel for each apartment. Quintana learned this would likely cost $75,000. An engineer named Richard Flores told him that such upgrades were not necessary.

Quintana appealed the building inspector's requirements to the City's Code Appeals Board. The Board held a hearing and decided that the building inspector's requirements were not appropriate. Rather, Quintana could have the electrical meter reinstalled after installing fire separation between the apartments and providing fire extinguishers and smoke detectors to each apartment.

Quintana did not take the steps specified by the Board. He says that Flores, his engineering advisor, told him those steps would cause him to violate the building code.

In February 2019, Quintana filed a lawsuit against the City in the United States District Court for the Eastern District of Oklahoma. He claimed the City had violated his procedural and substantive due process rights. Although he was originally represented by an attorney, he began representing himself in January 2020, and has done so ever since.

The case proceeded slowly, in part due to two judge reassignments. In June 2022, the district court issued an order granting summary judgment in the City's favor on all claims. The district court accordingly entered final judgment and closed the case.

As we will describe in more detail below, Quintana filed a Federal Rule of Civil Procedure 59(e) motion, which the district court denied, followed by a "Rule 60 a & b" motion to reconsider the district court's denial of his Rule 59(e) motion, R. vol. II at 610. We will call this second motion the "Rule 60 motion." The district court denied it on November 2, 2023. Quintana filed this appeal on November 14, 2023.

## II. ANALYSIS

Quintana argues that the district court erroneously granted summary judgment (and therefore final judgment) to the City. However, the district court entered final judgment on June 2, 2022. A party in a civil case must normally notice their appeal

3

within thirty days of final judgment, *see* Fed. R. App. P. 4(a)(1)(A), and a timely notice of appeal is a jurisdictional requirement in a civil case, *see Bowles v. Russell*, 551 U.S. 205, 214 (2007).

Due to how the Fourth of July weekend fell in 2022, Quintana's deadline to appeal from the June 2 judgment was July 5. Quintana did not file a notice of appeal on or before that date. Instead, Quintana filed this appeal on November 14, 2023, more than seventeen months after final judgment. We therefore must examine our jurisdiction. *See, e.g.*, *Amazon, Inc. v. Dirt Camp, Inc.*, 273 F.3d 1271, 1274 (10th Cir. 2001) ("Although neither party challenges our appellate jurisdiction, we have an independent duty to examine our own jurisdiction."). Specifically, we must decide if Quintana's Rule 59(e) or Rule 60 motions extended his appeal deadline.

We will first discuss the Rule 59(e) motion. A *timely* Rule 59(e) motion cancels the thirty-day appeal clock and resets it as of the order resolving the motion. *See* Fed. R. App. P. 4(a)(4)(A)(iv). Rule 59(e) motions "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). This means Quintana needed to file his Rule 59(e) motion no later than Thursday, June 30, 2022. Quintana filed his Rule 59(e) motion on Friday, July 1, 2022, one day late.

The City's response to the Rule 59(e) motion argued the district court should deny the motion as untimely, or, alternatively, on the merits. Quintana filed a reply but said nothing about the timeliness issue. He instead defended the merits of his motion.

4

The district court resolved the Rule 59(e) motion by order dated June 27, 2023. The district court accepted the City's argument that the motion had not been timely filed. The court therefore denied Rule 59(e) relief on that basis—meaning that, for our purposes, the motion had no effect on the appeal clock. Then, construing the motion as if brought instead under Rule 60(b), the district court further concluded that Quintana still was not entitled to relief because he was merely re-raising the same arguments decided against him at summary judgment.[1]

Fourteen days later (July 11, 2023), Quintana filed his Rule 60 motion, asking the court to reconsider its denial of the Rule 59(e) motion. Quintana submitted affidavits from himself and Flores to the effect that the two of them had a call with the district court clerk's office on June 30, 2022 (the Rule 59(e) deadline). On that call, Quintana conveyed that it was his deadline to file a Rule 59(e) motion and he wanted to know if he needed to submit the filing by 4:30 PM, which he believed to be the end of the business day for the clerk's office. The clerk's office employee on the other end of the line allegedly responded that the person responsible for handling pro se filings was out until the next day (July 1) or until the next week—Quintana's and Flores's respective affidavits disagree on this point—but anything filed before midnight that day (June 30) would be deemed timely. Quintana and Flores say

---

[1] The district court's choice to examine the motion as if brought under Rule 60(b) does not change our jurisdictional analysis. A Rule 60(b) motion can have the same deadline-resetting effect as a Rule 59(e) motion, but only if the Rule 60(b) motion "is filed within the time allowed for filing a motion under Rule 59." Fed. R. App. P. 4(a)(4)(A)(vi). In other words, the same 28-day deadline applies.

5

Quintana relied on this representation to submit his motion by e-mail sometime later on June 30.[2]

The City responded by pointing out, among other things, that it had specifically argued untimeliness in its response to the Rule 59(e) motion, yet Quintana had said nothing in reply. Quintana filed a reply (to the Rule 60 motion) but did not explain his previous silence on the timeliness issue. He merely restated the assurances he allegedly received from the clerk's office.

The district court resolved the Rule 60 motion on November 2, 2023. Considering that the City had previously challenged Quintana's timeliness and Quintana offered no response, the district court deemed the Rule 60 motion to be an inappropriate attempt to raise matters that could have been raised earlier. The district court alternatively ruled that, even if the Rule 59(e) motion had been timely, the court would have denied it as an improper reassertion of arguments already decided.

Quintana filed his notice of appeal on November 14, 2023. This notice is timely as to the denial of the Rule 60 motion because Quintana filed it within thirty days of that denial and "[t]he district court's ruling on a Rule 60(b) motion is separately appealable from the district court's underlying judgment," *Lebahn v. Owens*, 813 F.3d 1300, 1305 (10th Cir. 2016). "But an appeal from denial of Rule 60(b) relief raises for review only the district court's order of denial and not the underlying judgment itself." *Id.* (internal quotation marks omitted). So we have

---

[2] When Quintana became pro se, he received permission from the district court to file pleadings by e-mailing them to the clerk's office.

6

jurisdiction to decide whether the district court erred in refusing to grant Rule 60 relief from the denial of Rule 59(e) relief. If the answer to that is yes, we also have jurisdiction to review the Rule 59(e) order. *See Ysais v. Richardson*, 603 F.3d 1175, 1178 (10th Cir. 2010) (stating that a second motion for reconsideration stops the notice-of-appeal clock as to the denial of the first motion for reconsideration).

We review Rule 60 denials for abuse of discretion. *Lebahn*, 813 F.3d at 1305. Our analysis here is simple, however, because Quintana makes no argument that the district court abused its discretion when it denied Rule 60 relief. Although he references that denial by docket number on the opening page of his brief, he never returns to it and he never otherwise mentions the district court's reasons for denying his Rule 60 motion (or his Rule 59(e) motion, for that matter). He instead dedicates his entire brief to attacking the summary judgment order.

The only way this court could reach the merits of the summary judgment order is if Quintana's Rule 59(e) motion was timely—otherwise, there was no event to stop the notice-of-appeal clock from running, and it ran out on July 5, 2022. Moreover, the only way this court could find the Rule 59(e) motion timely is if the district court abused its discretion when it refused to entertain Quintana's belated explanation (in his Rule 60 motion) for why the Rule 59(e) motion should have been deemed timely. But, as noted, Quintana simply makes no argument in this regard.

"Because [Quintana] is pro se, we liberally construe his filings, but we will not act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). And importantly, "[t]he first task of an appellant is to explain to us why the district court's

7

decision was wrong." *Nixon v. City & Cnty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015). Quintana's failure to do so means we will affirm the district court's denial of Rule 60 relief. *See id.* at 1369 (affirming the district court's dismissal of the appellant's claim because his "opening brief contain[ed] nary a word to challenge the basis of the dismissal"); *see also Choice Hospice, Inc. v. Axxess Tech. Sols., Inc.*, No. 24-6002, ___ F.4th ___, 2025 WL 38117, at *10 (10th Cir. Jan. 7, 2025) (upholding denial of a second postjudgment motion because it was based on an argument that could have been raised in the first postjudgment motion). Consequently, Quintana did not timely file his Rule 59(e) motion and, in turn, did not timely appeal from the summary judgment order. We therefore lack jurisdiction to address his arguments attacking that order.

## III. CONCLUSION

We affirm the district court's November 2, 2023, order denying Rule 60 relief from its June 27, 2023, order denying Rule 59(e) relief. We dismiss the remainder of the appeal for lack of jurisdiction.

                                    Entered for the Court


                                    Bobby R. Baldock
                                    Circuit Judge